**IN THE COURT OF APPEALS OF IOWA**

No. 15-1259
Filed September 10, 2015

**IN THE INTEREST OF T.I.,**
      **Minor Child,**

**S.G., Mother,**
      Appellant.

_____

Appeal from the Iowa District Court for Marion County, Terry L. Wilson,

Judge.

A mother appeals from the order terminating her parental rights to one

child. **AFFIRMED.**

Robert W. Conrad of Conrad Law Office, Knoxville, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd and Kathryn

K. Lang, Assistant Attorneys General, and Ed Bull, County Attorney, for appellee.

Blake D. Lubinus of Lubinus Law Firm, Des Moines, for father.

Bryan P. Webber of Carr & Wright, P.L.C., Des Moines, attorney and

guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**MCDONALD, J.**

Samantha, the mother of T.I., appeals from the order terminating her parental rights. She contends the State did not make reasonable efforts to reunify her with the child, the court erred in determining she abandoned the child, the court ignored evidence of "a reasonable likelihood of successful [substance abuse] treatment and continued sobriety," and the State did not allow the mother the statutory six-month period for reunification. We affirm the order terminating her parental rights.

I.

The child tested positive for drugs at birth in January 2013, was removed from the mother's care, was adjudicated a child in need of assistance ("CINA"), and was returned to the mother's care during her residential substance abuse treatment. The CINA case was successfully closed. By November 2014, the mother was homeless. She left the child with a friend. The Iowa Department of Human Services ("IDHS") conducted a child protection assessment, resulting in a founded report of denial of critical care. The court ordered the child removed from the mother's care. A child-in-need-of-assistance petition was filed on November 21. On January 21, 2015, the court held an uncontested CINA hearing. Neither parent appeared at the hearing. The court adjudicated the child in need of assistance pursuant to Iowa Code section 232.2(6)(c)(2), (g), and (k) (2013). The court found reasonable efforts had been made to avoid removal. The court ordered the child placed with the friend with whom the mother had left him.

On March 11, the court held a dispositional hearing. The mother appeared for this hearing. She also exercised visitation with the child—the first visit since removal the previous November. The court noted the parents had not requested additional services. The court confirmed the adjudication order and continued the child's placement with the family friend. In late March, the child's placement was changed from the family friend to the maternal uncle and aunt in Story City. Because of the distance between the mother's then residence in What Cheer and Story City, the mother asked for visitation to be in Des Moines. IDHS arranged for visitation in Des Moines. IDHS also provided the mother with fuel cards to facilitate transportation. The mother was not consistent in visiting the child, but when she did exercise visitation, she interacted appropriately with him.

A combined permanency/termination hearing was held in July. The mother testified she had entered a residential treatment program approximately one week prior. At the hearing, she sought the child's placement with her there. The mother admitted using methamphetamine approximately two weeks prior to the hearing. The court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(e) (failure to maintain significant and meaningful contact) and (h) (child three years or younger cannot be returned to parent's care at that time). The mother timely filed this appeal.[1]

---

[1] The court also terminated the father's parental rights on the same statutory grounds and the additional ground of abandonment. He had not been involved at all during these proceedings and did not appeal.

II.

We review de novo proceedings terminating parental rights.  *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).  While giving weight to the findings of the juvenile court, our statutory obligation to review termination proceedings de novo means our review is not a rubber stamp of what has come before.  We will uphold an order terminating parental rights only if there is clear and convincing evidence of grounds for termination.  *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000).  Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence.  *See id.*

Termination of parental rights under Iowa Code chapter 232 follows a three-step analysis.  *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).  First, the court must determine if a ground for termination under section 232.116(1) has been established.  *See id.*  Second, if a ground for termination is established, the court must apply the framework set out in section 232.116(2) to decide if proceeding with termination is in the best interests of the child.  *See id.*  Third, if the statutory best-interests framework supports termination of parental rights, the court must consider if any statutory exceptions set forth in section 232.116(3) should serve to preclude termination.  *See id.*

III.

The mother has identified five issues for appeal.  We address them within the context of the three-step framework set forth above.  Concerning step one, the statutory grounds authorizing termination of the mother's rights, the mother

claims the court erred in finding she abandoned the child. Although the court terminated the father's parental rights in part for abandonment, the State did not plead abandonment as to the mother, and the court did not terminate her parental rights on that ground. The court terminated the mother's parental rights pursuant to section 232.116(1)(e) and (h). The argument is without merit.

The mother contends she was not allowed six months to pursue reunification. Although not phrased as an explicit challenge to the sufficiency of the evidence to section 232.116(1)(h)(3) (child removed for six of last twelve months or last six consecutive months), we treat it as such. The mother argues the CINA petition was filed in March 2015, only four months prior to the termination of her rights in July 2015. The mother's argument is a misstatement of the record. The record reflects the CINA petition was filed on November 21, 2014. The March 2015 proceeding was the disposition hearing. Further, section 232.116(1)(h)(3) measures the relevant time period based on removal from the parent and not the date of the CINA petition. The child was removed in November 2014. The argument is without merit.

The mother contends the court "erred by not addressing the fact that the mother showed a reasonable likelihood of successful treatment and continued sobriety." Although not phrased as a challenge to the statutory ground in section 232.116(1)(h)(4) (child cannot be returned to the parent's care at the time of the termination), we address it in our discussion of the statutory grounds. The mother voluntarily entered residential treatment within two weeks before the termination hearing after admittedly using methamphetamine after her last visit

with the child. She argues the program she entered has a 75% success rate and the testimony of a worker at the facility that the mother was considered to have great potential for success was "erroneously left out of the lower court's consideration" of the case. She further argues "drug use does not mean that the lower court can conclude that there is abuse and or neglect to support a TPR even if it may have been sufficient for a CINA."

The mother did not provide any drug screens during this case to demonstrate her alleged sobriety. She entered the drug treatment program just before the termination hearing and just after using methamphetamine. We, like the district court, find clear and convincing evidence supports termination pursuant to section 232.116(1)(h). *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999) (noting "we need only find grounds to terminate under one of the sections cited by the juvenile court to affirm"); *see also In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010); *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998) ("Where the parent has been unable to rise above the addiction and experience sustained sobriety in a noncustodial setting, and establish the essential support system to maintain sobriety, there is little hope of success in parenting.").

The mother next contends IDHS did not make reasonable efforts to reunify her with her child, arguing the *only* effort made was to provide $30 in gas cards to assist her in traveling for visitation. To the extent her reasonable-efforts claim is preserved for our review, it is without merit. The mother's argument is not supported by the record. IDHS provided other services to the family, including: case management; Family Safety, Risk, and Permanency services; visitation;

therapy; drug screens; parenting classes; services through Early Access; attachment assessment; and family team meetings. The mother simply did not take advantage of the services offered and did not comply with services ordered. She also argues placing the child in Story City when the mother lived in What Cheer "was contrary to DHS duty to reunify mother and child." IDHS agreed to change the place of visitation and provided financial assistance to facilitate travel. The mother never asked the court for other, different, or additional services. Although the State has an obligation to make reasonable efforts to reunify a family, a parent has an equal obligation to demand other, different, or additional services prior to the termination hearing or the issue of reasonable efforts is not preserved for our review. *See In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002); *In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005); *In re S.R.*, 600 N.W.2d at 65.

Concerning the second step in our analysis, and giving "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child," including "whether the child has become integrated into the foster family to the extent that the child's familial identity is with the foster family, and whether the foster family is able and willing to permanently integrate the child into the foster family," *see* Iowa Code section 232.116(2), we conclude termination of the mother's parental rights is in the child's best interest.

The mother does not contend any of the statutory factors in section 232.116(3) should serve to preclude termination. From our review of the record,

the fact the child is placed with a relative, *see* section 232.116(3)(a), does not alter our conclusion under the circumstances before us that termination is in the child's best interest and should be affirmed.

IV.

Having found clear and convincing evidence of a statutory ground for termination, termination is in the child's best interest, and no statutory factor serves to preclude termination, we affirm the order terminating the mother's parental rights to this child.

**AFFIRMED.**